

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-13-2006

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3558

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Lin v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1751.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1751

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No: 04-3558

———————————

JIAN CHENG LIN,

Petitioner

v.

*ALBERTO GONZALES
ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

* (Amended Pursuant to F.R.A.P. 43(c))

———————————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Board No. A77-994-556)

———————————

Submitted Under Third Circuit LAR 34.1(a)
on September 15, 2005

BEFORE:  ROTH, MCKEE and FISHER, Circuit Judges

(Opinion filed January 13, 2006)

———————————

O P I N I O N

———————————

**ROTH,** Circuit Judge:

Jian Cheng Lin has petitioned for review of the order of the Board of Immigration

Appeals (BIA) denying his application for asylum, withholding of deportation, and protection under the Convention Against Torture (CAT). We will deny his petition.

Lin, a citizen of the People's Republic of China, arrived at Los Angeles International Airport on December 11, 2001, and applied for admission to the United States. The Immigration and Naturalization Service issued a Notice to Appear on December 19, 2001, charging that Lin was subject to removal under the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who was not in possession of a valid entry document. Lin appeared before an Immigration Judge (IJ) on May 23, 2003, conceding removability, and seeking relief from removal by filing applications for asylum, withholding of removal, and protection under CAT.

Lin filed an affidavit describing the series of events he experienced in China which formed the basis of his applications. According to that affidavit, Lin "was forced to leave China because [he] could not physically and mentally endure the endless persecutions by the Chinese police and the family planning authority." Lin asserted that he was charged with violating family planning law when he impregnated his girl friend while "not the appropriate age to get married and father a child." Lin claimed the family planning authority "vigorously opposed [a] marriage plan," threatened him with jail, and attempted to persuade him to succumb to a medical procedure that could sterilize him.

With the help of his mother, Lin went to the city of Fuzhou. He then heard that his girl friend had been arrested. Once in Fuzhou, he worked in a bookstore which sold the illegal literature of *Falun Gong*. Lin claimed that he fled the bookstore when he

2

witnessed Chinese police approaching; he assumed they were going to arrest him on behalf of the family planning authority. Lin stated that he is now a suspect for selling the illegal literature because he heard that the owner of the bookstore told police that Lin was responsible for selling the illegal literature. Finally, Lin asserted that he believed he could be arrested and beaten for selling the illegal literature or, if found innocent of that charge, he could be delivered to the family planning authority.

On October 9, 2003, the IJ denied Lin's applications for asylum, withholding of removal, and CAT protection. The BIA affirmed the decision on August 5, 2004, and on September 2, 2004, Lin filed this petition for review.

We have jurisdiction to review final orders of the BIA under § 242(a)(1) of the Immigration and Nationality Act, 8 U.S.C. §1252 (2005). In cases where the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we review the decisions of both the IJ and the BIA. He Chun Chen v. Ashcroft, 376 F.3d215, 222 (3d Cir. 2004). We review the BIA's determination[1] that an applicant failed to establish eligibility for asylum by showing "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion,"[2] under a "substantial evidence" standard of review. Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). The BIA's conclusion that an applicant

---

[1] In this case, because the BIA largely deferred to the analysis and conclusions of the IJ, we review the IJ's decision to determine whether the Board's deference was appropriate. Abdulai v. Ashcroft, 239 F.3d 542, 549 n.2 (3d Cir. 2001).

[2] 8 U.S.C. §§ 1101(a)(42)(A), 1158.

failed to demonstrate both a subjective and objective fear of persecution must be affirmed "unless the evidence not only supports a contrary conclusion, but compels it." Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003) (quoting Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001).

The BIA's adverse credibility determination must be sustained "if there is substantial evidence on the record to support it." Senathirajah v. INS, 157 F.3d 210, 216 (3d Cir. 1998).

We agree with the findings of the IJ, as adopted by the BIA, that Lin's testimony and affidavit were not credible. Lin's failure to establish that he has a subjectively genuine fear of persecution hinges on this credibility determination. See Goa, 299 F.3d at 272. First, Lin testified that he and his girl friend were not of legal age to marry when the pregnancy was discovered. The government, however, put forth documentary evidence, indicating that Lin and his girl friend were in fact of the legal age to marry at that time. As the IJ found, the government's exhibit "impeaches the respondent's prior testimony to the Court, as to why they were unable to marry when it was determined that the girlfriend was pregnant."

Second, Lin testified he learned from his mother that his girl friend underwent an abortion in July 2001 and that he was unable to contact his girl friend after going to Fuzhou City. During a December 2001 credible fear interview with immigration officers, however, Lin stated he had been in contact with his girl friend subsequent to arriving in Fuzhou city and asserted that she was still pregnant in December 2001. Again, the IJ

4

found that Lin's statements during the credible fear interview undermined his testimony that his girlfriend had had an abortion

Third, Lin's affidavit stated that he was charged with violating China's family planning law when he impregnated his girlfriend and that the family planning officials threatened him with jail and attempted to persuade him to undergo a medical procedure that would sterilize him. Lin testified, however, he never met any of the family planning officials and he was never charged with violating this law. Again, this contradiction impeaches Lin's credibility.

Finally, Lin testified that after he ran from the bookstore, upon seeing police approaching, he heard that the police were told that he had placed the illegal *Falun Gong* literature on the shelves. Lin further admitted that no one was subsequently arrested in the bookstore. The IJ's found that it is not credible that the police would believe that Lin placed the *Falun Gong* books on the shelves, marked with prices, after only working there for 10 days. This conclusion follows logically from the evidence.

Nor did Lin establish a well-founded fear of persecution because of his political opinion. First, Lin's subjective claim that he has a well-founded fear of persecution is not credible because he gave inconsistent, implausible and contradictory testimony thus substantially supporting the BIA's conclusion that he has no genuine fear. Second, Lin failed to establish that his fears of persecution are objectively well-founded. There is no evidence that Lin was or is currently charged with violating family planning law or selling illegal literature; nor is there evidence indicating that police and family planning

5

officials are looking for him. The lack of evidence on the record supporting Lin's claim of a well-founded fear of persecution equates to substantial evidence supporting the BIA's conclusion that Lin will not be persecuted in the future based on his political opinion.[3]

The adverse credibility determinations of the IJ and the BIA and their conclusions that Lin failed to establish both a subjective and objective well-founded fear of persecution are supported by substantial evidence. Therefore, we will deny Lin's petition for review.

---

[3]Because Lin has not established that he has a "well-founded" fear of persecution for asylum purposes, he also has not met the higher standards of eligibility for withholding of removal, see Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003), or for protection under CAT, see Ambartsoumian v. Ashcroft, 388 F.3d 85, 89 (3d Cir. 2004).